John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
**SMAHA LAW GROUP**
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:   (619) 688-1557
Facsimile:   (619) 688-1558

Attorneys for Debtor, Wave House Belmont Park, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| In re | CASE NO. 10-19663-LT11 |
|---|---|
| WAVE HOUSE BELMONT PARK, LLC | Chapter 11 |
| Debtor. | **STATUS REPORT** |
| | Date:     June 30, 2011<br>Time:    2:00 p.m.<br>Dept.:   3 - Room 28<br>Judge:  Laura S. Taylor |

Debtor-In-Possession, Wave House Belmont Park, LLC, hereby submits the within status report on various matters pending for hearing on June 30, 2011:

1. Assumption or Rejection of Lease with City of San Diego - As of the time of filing of the within status report, no deal has been reached between the Debtor, the bank and/or the City of San Diego relative to any continuation of the time to assume or reject the lease with the City of San Diego which is currently set to expire on July 2, 2011. We all agree that absent consent from the bank, the Court is without any power to extend such time. Unless an agreement is reached with the bank and/or the City of San Diego for a further extension, or other relief, the Debtor does not intend to seek to assume the lease and will allow the lease to be rejected as a matter of law on or after July 2, 2011. All other rights are specifically reserved by the Debtor. In the event that some other arrangement is made, a

stipulation or other appropriate motion would be made.

2.     The Debtor desires to stay in a Chapter 11 proceeding - Assuming that the lease between the Debtor and the City of San Diego is rejected as a matter of law and not assumed by the Debtor, the issue before the court is whether it would be appropriate for the Debtor to continue in a Chapter 11 proceeding. It is the position of the Debtor that it is. The Debtor has significant assets in a lawsuit filed by the Debtor against the City of San Diego with a claim in excess of $25 million dollars. Furthermore, aside from any and all other accounts receivables, the Debtor has listed various assets on Schedule B of the bankruptcy schedules that represent valuable assets to be collected by the estate. The question thus becomes, how will the Debtor prosecute the action against the City of San Diego? In this regard, the Debtor is procuring a commitment from Kathlene C. Lochtefeld, the mother of Thomas Lochtefeld, to lend to the Debtor a sum up to and including $500,000 over time for the purposes of paying current administrative expenses of counsel for the Debtor, future administrative expenses for counsel of the Debtor and special counsel in prosecuting the claims against the City of San Diego, and for the payment of the U.S. Trustee's fees. Based upon a budget of the litigation and current outstanding attorneys fees in the case, the sum of $500,000 should be a sufficient amount to pay such claim, as well as provide for the full and complete prosecution of the claim against the City of San Diego. The Debtor, at this point, intends to prosecute that claim through its current counsel and special counsel, Mark A. Maasch of Turner & Maasch on a hourly basis as provided in their current order of employment. Since the provision of these funds or any use of funds from pre-petition Schedule B claims would not be in the ordinary course of business, the Debtor will need to seek court authority for this purpose. The Debtor will do so in the very near future. It is the Debtor's position that the prosecution of these claims in an important aspect of the reorganization of the Debtor, albeit that at this point in time, the case is more of a liquidation of these assets than a continuing operation. An amended complaint is being filed by the Debtor today.

///

3.   Relief from Stay With East West Bank - It is the intent of the Debtor and East West Bank to submit an order for relief from stay generally along the lines of the Court's tentative ruling and no argument is anticipated. A draft order is attached. The parties intend on discussing any final hearing issues and to determine a time for status and for further hearing in approximately 90 days.

Respectfully submitted,

Dated: June 30, 2011

/s/   John L. Smaha
John L. Smaha, Esq.
*Attorney for Debtor,*
Wave House Belmont Park, LLC

W:\Wave House Belmont\116.Status Report.wpd

# ATTACHMENT

CSD 1159A [11/15/04]
Name, Address, Telephone No. & I.D. No.
BARRY V. FREEMAN (SBN 33397)
DAVID M. POITRAS, P.C. (SBN 141309)
ALEXIS M. MCGINNESS (SBN 241449)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080; Facsimile: (310) 203-0567
Email:        dpoitras@jmbm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re WAVE HOUSE BELMONT PARK LLC

Debtor.

BANKRUPTCY NO. 10-19663-LT11

EAST WEST BANK

Movant(s)

RS NO. DMP-001

v.
WAVE HOUSE BELMONT PARK LLC

Respondent(s)

Date of Hearing: June 30, 2011
Time of Hearing: 2:00 p.m.
Name of Judge: Hon. Laura Taylor

# ORDER ON Movant East West Bank's Motion for Relief from Automatic Stay
(as to Real Property and Personal Property)

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through 2 with exhibits, if any, for a total of 2 pages, is granted. Motion/Application Docket Entry No. 114

//

///

DATED:

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

JEFFER MANGELS BUTLER & MITCHELL LLP
(Firm name)

By: David M. Poitras
    Attorney for ☒ Movant ☐ Respondent
    East West Bank

CSD 1159A

American LegalNet, Inc.
www.USCourtForms.com

CSD 1159A [11/15/04] (Page 2)
ORDER ON
DEBTOR: WAVE HOUSE BELMONT PARK LLC

CASE NO: 10-19663-LT11
RS NO.: DMP-001

---

This matter came before the Court on East West Bank's Motion for Relief from Automatic Stay (as to Real Property and Personal Property)(the "Motion"). The Motion having been properly served and noticed, and good cause appearing,

1. The Motion is granted under 11 U.S.C. § 362(d)(1) for cause.

2. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is terminated as to Debtor and Debtor's bankruptcy estate on the terms set forth herein.

3. The Motion affects the following real property: a ground lease for the real property and improvements thereon generally described as 3106-3146 Mission Boulevard and 3105-3125 Ocean Front Walk, San Diego, California 92109, which parcel of property is located at Mission Bay and generally known as "Belmont Park" (the "Real Property").

4. The Motion also affects the following personal property: (a) all interests of Debtor in cash collateral, postpetition accounts receivable, inventory, equipment, fixtures, goods, chattel paper, general intangibles (excluding only any claims and causes of action of Debtor against the City of San Diego), instruments, intellectual property, including any items of personal property that are necessary to the maintenance and operation of the Belmont Park leasehold estate, and (b) all leases and subleases to which Debtor is a party, and the rents issues and proceeds thereof (the "Personal Property").

5. Movant may enforce its remedies to foreclose upon or otherwise obtain possession of and dispose of the Real Property and Personal Property in accordance with applicable nonbankruptcy law, including, but not limited to, filing an action for the appointment of a state court receiver to take possession of the Real Property and Personal Property pending Movant's foreclosure or other disposition of the Real Property and Personal Property collateral.

6. Movant's request for relief from automatic stay concerning Debtor's prepetition accounts receivable, any bankruptcy avoidance type actions, and any claims and causes of action of Debtor against the City of San Diego is denied without prejudice, pending a final hearing on the Motion and/or further order of Court.

7. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

8. The 14-day stay provided by FRBP 4001(a)(3) is waived.